# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2010

No. 08-51048
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTIS SHERMAN, also known as Preacher,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-82-1

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Artis Sherman, federal prisoner # 36280-177, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on recent amendments to the Sentencing Guidelines for crack cocaine. He pleaded guilty to conspiracy to possess with the intent to distribute 50 grams or more of crack cocaine and was sentenced as a career offender under U.S.S.G. § 4B1.1 to 300 months of imprisonment. By moving to proceed IFP, Sherman is challenging the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

On appeal, Sherman argues that he is entitled to resentencing under Amendment 706 to the Guidelines because as a career offender, his offense level was based on the quantity of crack cocaine for which he was held responsible. His guidelines imprisonment range was not derived from the quantity of crack cocaine involved in the offense but rather from his status as a career offender. Therefore, the district court was correct in concluding that a sentencing reduction was not permitted. *See* § 3582(c)(2); *United States v. Anderson*, 591 F.3d 789, 790-91 (5th Cir. 2009).

He also challenges his status as a career offender. A § 3582(c)(2) motion may not be used to challenge a district court's calculation of an original sentence or to contest the appropriateness of the sentence. *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Thus, Sherman's challenges to his status as a career offender are not cognizable in a § 3582(c)(2) motion. *See id.*

Sherman further argues that he is entitled to a full resentencing under the holding of *United States v. Booker*, 543 U.S. 220 (2005), and contends that his sentence is unreasonable. The Supreme Court's decision in *Booker* does not apply to sentence reductions under § 3582(c)(2) because such proceedings are not full resentencings. *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009); *see also Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010) (holding that *Booker* does not apply to § 3582(c)(2) proceedings). Additionally, the *Booker* reasonableness standard does not apply in § 3582(c)(2) proceedings. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Sherman has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.